MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Theadora Murphy,<br>　　　　Petitioner,<br>v.<br>Unknown,<br>　　　　Respondent. | No.   CV-23-08083-PCT-JAT (ESW)<br><br>**ORDER** |

On May 11, 2023, pro se Petitioner Annette Theadora Murphy, who is confined in the Arizona State Prison Complex-Perryville,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will dismiss the Petition without prejudice.

**I.     Pending Petition**

Petitioner was convicted in Mohave County Superior Court, case #CR-2015-00490, of transportation of dangerous drugs for sale and failure to appear at sentencing. On March 23, 2023, she was sentenced to 10 years' imprisonment for the transportation conviction and five years' imprisonment for the failure-to-appear conviction. Petitioner alleges she has a petition for post-conviction relief, which she filed on April 4, 2023, pending in the Mohave County Superior Court.

---

[1] Petitioner was confined in the Mohave County Jail when she filed her Petition but was subsequently transferred to the Arizona State Prison Complex-Perryville. *See* https://corrections.az.gov/inmate-data-search (search "Search by Name" for "Last Name" as "Murphy," "First Initial" as "A," and "Gender" as "Female"; click on hyperlink for inmate number "089479") (last visited June 20, 2023).

## II.     Discussion

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An Arizona petitioner sentenced to less than the death penalty may exhaust her federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute). To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The failure to exhaust subjects the Petitioner to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

In light of Petitioner's pending petition for post-conviction relief, the Petition is premature and must be dismissed. *See id.*; *Schnepp*. The Court will dismiss the case without prejudice.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(4) The Clerk of Court is directed to update the docket to reflect that Petitioner is currently confined in the Arizona State Prison Complex-Perryville and her inmate number is 089479. The Clerk of Court must send a copy of this Order to Petitioner at that address.

Dated this 23rd day of June, 2023.

James A. Teilborg
Senior United States District Judge

- 3 -